**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Danford Bragg,**
**Claimant Below, Petitioner**

**v.)**     **No. 25-276**     (JCN: 2016030416)
                                (ICA No. 24-ICA-353)

**Blue Creek Mining, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danford Bragg appeals the March 24, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Bragg v. Blue Creek Mining,* No. 24-ICA-353, 2025 WL 900499 (W. Va. Ct. App. Mar. 24, 2025) (memorandum decision). Respondent Blue Creek Mining, LLC filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the August 6, 2024, order of the Workers' Compensation Board of Review which affirmed the orders of the claim administrator. In an order dated September 20, 2022, the claim administrator, denied authorization for right cubital tunnel release based upon a finding that cubital tunnel syndrome was not a compensable diagnosis in the claim. On October 24, 2022, the claim administrator denied post-traumatic arthritis as a compensable diagnosis. Finally, on January 24, 2023, the claim administrator added right elbow instability and flexion contracture of the right elbow as compensable components; however, cubital tunnel syndrome of the right elbow and impingement syndrome of the right shoulder were denied as compensable conditions in the claim.

On appeal, the claimant argues that the ICA was clearly wrong in affirming the Board of Review's decision because a preponderance of the evidence provided that the claimant's post-traumatic arthritis, cubital tunnel syndrome, and impingement syndrome are the result of the compensable injury. The claimant contends that because the listed diagnoses require further treatment, the requests for right cubital tunnel release and right shoulder subacromial steroid injection should have been approved as medically related and reasonably required treatment to manage the compensable condition. The claimant also asserts that the requested conditions all occurred after the injury and have continuously manifested thereafter. As such, the claimant argues that the Board of Review failed to analyze the case under the precedent found in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). The employer counters by arguing that the compensable injury occurred nearly nine years ago, and it appears that he seeks to extend

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

the claim to cover unrelated conditions that are not causally related to the compensable injury. The employer asserts that the claimant failed to meet his burden of proving either the existence of the requested conditions or its relationship to the compensable injury. As a result, the employer believes that the medical evidence rebuts any presumption of compensability or connection to a right shoulder injury that may be found after an examination of the case under *Moore*.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 16, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison